Hakeem A. ABDELRAHHIM,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General,\* Respondent.

No. 04–74931.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2008.\*\*

Filed Sept. 19, 2008.

Rochelle A. Nwadibia, Esquire, Privitera and Nwadibia, San Francisco, CA, Rolf H. Tangvald, Esquire, Office of the U.S. Attorney, Spokane, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esquire, Rebecca Hoffberg, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ and GOULD, Circuit Judges, and SEDWICK, District

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as United States Attorney General. Fed. R.App. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Judge.\*\*\*

### MEMORANDUM \*\*\*\*

Hakeem Abdul Abdelrahhim petitions from the dismissal by the Board of Immigration Appeals (BIA) of his appeal from an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part and remand for further consideration.

Abdelrahhim entered the United States illegally on December 26, 1998. On September 27, 1999, he filed an application for asylum, withholding of removal, and relief under the CAT. At the hearing before the IJ, Abdelrahhim testified that he is a native and citizen of Sudan and his wife and family still live there. Abdelrahhim attested that as a member of the Democratic Union Party, he participated in demonstrations against the government in Sudan. He testified that he was beaten, imprisoned, and subjected to mental and physical torture because of his political views. Two witnesses, who knew Abdelrahhim when he was a student in Sudan, testified as to his identity, political involvement, and harassment by the Sudanese government for his political opinions.

In support of his application, Abdelrahhim submitted a declaration and numerous other documents, including his Notice to Appear, passport, nationality certificate, birth certificate, marriage certificate, a letter from the National Democratic Alliance, and reports on Sudan. The government submitted a record of Abdelrahhim's nonimmigrant entry into the United States. A forensic document examiner testified that Abdelrahhim's nationality and birth certificates "are not what they purport to be." The examiner also testified that Abdelrahhim's passport was genuine and unaltered, but that it was impossible to say if the passport was issued by an authorized entity.

By decision dated April 25, 2003, the IJ denied Abdelrahhim's application in its entirety because his nationality certificate and birth certificate were fraudulent. Abdelrahhim timely appealed. The BIA adopted and affirmed the IJ's decision, stating that submission of fraudulent documentation indicated Abdelrahhim's overall lack of credibility.

Abdelrahhim argues the IJ erred in denying his application based on his unknowing submission of two false documents. He contends the court should credit his testimony and find he established eligibility for asylum, withholding of removal, and relief under the CAT. The government argues substantial evidence supports the adverse credibility determination and the court should affirm.

"We review adverse credibility determinations under the substantial evidence standard." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004). "Although this standard is deferential, the adverse credibility finding must be supported by specific, cogent reasons, and cannot be based on speculation, and conjecture." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir.2004). "Where, as here, the BIA adopts the IJ's credibility determination, we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Bandari v. INS*, 227 F.3d 1160, 1165

---

\*\*\* The Honorable John W. Sedwick, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2000). When the IJ's proffered reasons for an adverse credibility finding fail, we accept the petitioner's testimony as credible. *Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

The IJ based his adverse credibility finding on Abdelrahhim's submission of fraudulent nationality and birth certificates. The IJ's decision stated:

> [R]espondent's identification documents go to the very heart of his claim as to who he is and where he came from. As the respondent testified, he spent some time in Egypt. For all the Court knows, this respondent may very well be from Egypt. He could be from Somalia. He could be from Ethiopia. He could be from anywhere on the planet. Surely it is not too much to ask of a respondent who is seeking the protection of this country that he present a valid document showing who he is and where he is from.

The IJ also cited Abdelrahhim's failure to rebut or present an acceptable explanation for the fraudulent documents as a basis for discounting his credibility.

Contrary to the IJ's assertion, the nationality and birth certificates were not necessary to establish Abdelrahhim's identity and nationality. Abdelrahhim's testimony, the testimony of two witnesses, and several documents, including his marriage certificate, passport, and record of non-immigrant entry into the United States, corroborated Abdelrahhim's identity and citizenship.

In addition, the two documents did not go to the heart of Abdelrahhim's claims for relief. We have previously held that submission of counterfeit birth certificates was "not a legitimate basis for an adverse credibility finding" where the documents were not attempts to enhance the applicant's claims of persecution. *Chen v. INS,* 266 F.3d 1094, 1100 (9th Cir.2001), *overruled*

*on other grounds by INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Here, as in *Chen,* Abdelrahhim's nationality and birth certificates were incidental to his claim because they "reveal[ed] nothing about his fear for his safety." *Id.*

Moreover, submission of a fraudulent document that goes to the heart of an asylum claim is not automatically determinative of an adverse credibility finding, especially when there is no evidence the petitioner knew the document was fraudulent. *Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004). Abdelrahhim testified that his family in Sudan sent him the nationality and birth certificates, he did not know they were fraudulent, and he would not have submitted them to the court had he known. Because there is no evidence that Abdelrahhim knew or should have known the certificates were fraudulent, Abdelrahhim's submission of the certificates alone is not substantial evidence that he lacks credibility. *See, id.*

The IJ also discounted Abdelrahhim's passport although the forensics expert found it to be "genuine and unaltered," because it was impossible to say if it was issued by an authorized entity. Because there is no evidence undermining the reliability of the passport, Abdelrahhim's mere failure to authenticate the passport is insufficient for an adverse credibility finding. *Shire,* 388 F.3d at 1299.

Finally, the IJ erroneously relied on Abdelrahhim's testimony regarding events at the Department of Homeland Security (DHS) office when he was fingerprinted as a basis for the adverse credibility determination. When asked to explain this incident, Abdelrahhim testified:

> I went to get my fingerprints, and I was with a friend of mine. At that time, I had most of my belongings lost or sto-

len. Even my clothes; I lost my clothes. The clothes I was wearing were not my own clothes, were not like fit to my size. When I went to the fingerprints place, the individual there asked me, do you have an I.D.? I told him I don't have. He said if I frisk you, would I find something? I said go ahead, frisk me. So he found the wallet of the other person in my trousers, and this is the same person who went with me to the fingerprints place. He asked me, where did you get this from? I got very scared, and I got panicked. I told him this belonged to this friend of mine. So I was panicking; I got scared, and he said, that's it. So he took my fingerprints, and he said, okay, you can go now.

The IJ rejected Abdelrahhim's explanation, suggesting that Abdelrahhim was attempting to "masquerade his actual identity" which would explain "why he was so ready to submit fraudulent documents to the Court." This is impermissible speculation and conjecture. *Shire*, 388 F.3d at 1295. Even if Abdelrahhim's account were false, it does not support an adverse credibility finding because it was not made to establish a critical element of his asylum claim. *See, Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir.1999).

For the foregoing reasons, we conclude that the adverse credibility determination is not supported by substantial evidence and that Abdelrahhim's testimony is credible. We remand for further proceedings to consider Abdelrahhim's application.

**PETITION FOR REVIEW GRANTED IN PART and REMANDED.**